OPINION
Appellant Constance Powell Manor appeals a judgment of the Knox County Common Pleas Court dismissing her complaint seeking to enjoin appellees Timothy and LuAnn Foor from blocking a driveway used to access property owned by appellant:
 ASSIGNMENTS OF ERROR: I. THE TRIAL COURT ERRED IN CONCLUDING AS A MATTER OF LAW THAT CHANGES IN USE OVER A PERIOD OF TIME DESTROY A CLAIM FOR A PRESCRIPTIVE EASEMENT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO CONSIDER, UNDER THE FACTS AS PRESENTED, THAT AN EASEMENT BY NECESSITY EXISTED.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO CONSIDER THE EXISTENCE OF AN EASEMENT AS "STRICTLY NECESSARY" OR "REASONABLY NECESSARY".
 IV. THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant acquired title to forty acres of real property in Knox County in 1965 from her husband, John Powell. Mr. Powell had acquired the property in August of 1956. Appellees owned real estate adjoining appellant's property since January 11, 1996. No recorded easement gives appellant a right of way over appellees' land to access her land. However, a driveway existing on appellees' land, which is used by appellees to access a portion of their property, was used by appellant to access her property. A recorded easement upon the land of the contiguous land owner to the east existed until recently. This access was used for a stone quarrying operation, and led to appellant's property line. A house existed on appellant's land, and was rented in 1959 and 1960. At that time, the driveway on appellees' land was used to access the house. Appellant has never lived on the property, and the property was purchased primarily for recreational use for hunting and fishing. The property was leased to an oil and gas company in the 1960's. In 1995, appellant sent a man to the property to look at the timber standing on the property. Appellees' predecessor in title held the man at gunpoint for trespassing until the Sheriff arrived. According to appellant, this was the first sign of difficulty accessing the property via appellees' property. Thereafter, appellees blocked the driveway with a chain. Appellant brought the instant action seeking to enjoin appellees from blocking the driveway. In the complaint, appellant claimed that a prescriptive easement had arisen from their use of the driveway for ingress and egress. She further claimed that the property would be land-locked absent access over appellees' driveway. Appellees counter-claimed, seeking to quiet title in the driveway. The case was tried to the court. Following trial, the court concluded that appellant failed to prove that a prescriptive easement existed. The court dismissed appellant's complaint, and quieted title in appellees in accordance with the counter-claim.
 I.
Appellant first argues that the court erred in failing to find a prescriptive easement. A land owner obtains an easement by prescription for a specific use of his neighbor's property when he uses that property in a manner that is: (a) open, (b) notorious, (c) adverse to the neighbor's property rights, (d) continuous, and (e) for at least 21 years. J.F. Gioia, Inc. vs. Cardinal American Corp.(1985), 23 Ohio App.3d 33, syllabus one. The party claiming a prescriptive easement has the burden of proving each of these elements. Id. In the instant case, the court found that the use was open, as appellant did not conceal any use. However, the court found that the evidence demonstrated that the use was not adverse, as it was with permission of the predecessors in title to appellees. This finding is supported by the evidence, as Arthur Davis, who rented the house in 1959 and 1960, testified that he had permission to use appellees' driveway. Tr. 49. The court further found that the use was not notorious, as the evidence clearly demonstrated that appellant did not make any repairs to the driveway or exercise any attributes of ownership during the period in question. Appellant herself testified that she made no repairs on the driveway. Tr. 33. Further, the court found that the evidence presented by appellant showed gaps in time, inconsistency of use, and no continuous use for a 21-year period of time. This finding is supported by the evidence. Appellant testified that they used the driveway on a regular basis from 1956 through 1965. However, she testified that prior to trial, the last time she had walked on the property was in the early 1990's. Tr. 22. She testified that she could provide no specific dates or times when they used the driveway. Tr. 27. Her son, Tom Powell, testified that he remembered using the driveway in 1958 or 1959 through 1968; again in 1972, to go hunting; one time during the mid-1980's; and not again until 1997. Tr. 41. The evidence supported the court's finding that appellant did not present evidence of continuous use for a 21-year period of time. The first Assignment of Error is overruled.
 II. III.
In her second and third Assignments of Error, appellant argues that the court erred in failing to find that an easement arose by necessity, as the property was land-locked absent use of the driveway. Appellee argues that this claim was not raised in the trial court. While at trial, appellant relied primarily on her argument of prescriptive easement, in her complaint, she does claim that the driveway is the only means of ingress and egress available to the property and the house located on the property and, but for the existence of the driveway easement, the property would be land-locked. Complaint, paragraph four. Neil Davis, a neighbor owning property contiguous to both appellant and appellees' property, had a right of way reserved on his property to access appellant's property. Tr. 58. He testified that while you could not access the house in this manner, you could reach the border of appellant's property. He further testified that the house had not been inhabited since the late 1970's or early 1980's. Tr. 62. He testified that the right of way had been deeded back to him, and he had planted trees on the right of way. Tr. 65. While several other witnesses testified that it would be difficult to access the property due to a steep drop off on the other side, appellant did not prove that the driveway was the only means of ingress and egress to the property, particularly as a recorded right of way had existed at one time. The second and third Assignments of Error are overruled.
 IV.
Appellant argues that the judgment is against the manifest weight of the evidence, as appellees did not present any evidence to rebut appellant's evidence. However, as noted by the court, appellant failed to prove the existence of an easement. Having failed to meet her burden of proof, appellant cannot now argue that she is entitled to judgment merely because appellees did not present any evidence directly rebutting her testimony. The fourth Assignment of Error is overruled.
The judgment of the Knox County Common Pleas Court is affirmed.
By: Reader, V.J. Wise, P.J. and Gwin, J. concur.